■ MARK DIPALMA, Respondent, v EVEREADY INSURANCE COMPANY, Appellant. [756 NYS2d 879] —In an action for a judgment declaring that the defendant is required to provide the plaintiff with underinsured motorist coverage, or, in the alternative, to proceed to arbitration, the defendant appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 22, 2002, which, in effect, denied its motion for summary judgment dismissing the complaint, granted the plaintiff's cross motion for summary judgment, and directed it to provide the plaintiff with underinsured motorist coverage.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is required to provide the plaintiff with underinsured motorist coverage.

Under the circumstances of this case, the Supreme Court correctly determined that the plaintiff provided the defendant with timely notice of his claim for underinsured motorist coverage (*see Matter of Merchants Mut. Ins. Co. v Falisi*, 99 NY2d 568 [2003]).

The defendant's remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the defendant is required to provide the plaintiff with underinsured motorist coverage (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.